[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 16, 2011
JOHN LEY
CLERK

No. 10-14598
Non-Argument Calendar
_____

D.C. Docket No. 4:10-cr-00030-SPM-WCS-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

HUGO EMMUEL HERNANDEZ-MEJIA,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida
_____

(May 16, 2011)

Before MARCUS, PRYOR and ANDERSON, Circuit Judges.

PER CURIAM:

Hugo Emmuel Hernandez-Mejia appeals his 57-month sentence for illegal reentry by a previously deported alien, in violation of 8 U.S.C. § 1326(a) & (b)(2). On appeal, Hernandez argues that: (1) the district court imposed a procedurally unreasonable sentence for failing to expressly address his request for a downward variance based on cultural assimilation; and (2) his sentence was substantively unreasonable because the court did not downwardly vary based on cultural assimilation. After careful review, we affirm.

We review the sentence a district court imposes for "reasonableness," which "merely asks whether the trial court abused its discretion." United States v. Pugh, 515 F.3d 1179, 1189 (11th Cir. 2008) (quoting Rita v. United States, 551 U.S. 338, 351 (2007)).

In reviewing sentences for reasonableness, we perform two steps. Id. at 1190. First, we must "'ensure that the district court committed no significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence -- including an explanation for any deviation from the Guidelines

2

range.'" Id. (quoting Gall v. United States, 552 U.S. 38, 51 (2007)).[1] The district court need not discuss each § 3553(a) factor. United States v. Talley, 431 F.3d 784, 786 (11th Cir. 2005). It is generally sufficient that the record, viewed as a whole, reflects that the sentencing judge considered the parties' arguments and has taken the § 3553(a) factors properly into account. See, e.g., United States v. Irey, 612 F.3d 1160, 1194-95 (11th Cir. 2010) (en banc), cert. denied, __ S. Ct. __, 2011 WL 1225730 (U.S. Apr. 4, 2011) (No. 10-727).

If we conclude that the district court did not procedurally err, we must consider the "'substantive reasonableness of the sentence imposed under an abuse-of-discretion standard,'" based on the "'totality of the circumstances.'" Pugh, 515 F.3d at 1190 (quoting Gall, 552 U.S. at 51). This review is "deferential," requiring us to determine "whether the sentence imposed by the district court fails to achieve the purposes of sentencing as stated in section 3553(a)." Talley, 431 F.3d at 788. "The weight to be accorded any given § 3553(a) factor is a matter committed to the sound discretion of the district court, and we will not substitute our judgment

---

[1] The § 3553(a) factors include: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (3) the need for the sentence imposed to afford adequate deterrence; (4) the need to protect the public; (5) the need to provide the defendant with educational or vocational training or medical care; (6) the kinds of sentences available; (7) the Sentencing Guidelines range; (8) the pertinent policy statements of the Sentencing Commission; (9) the need to avoid unwanted sentencing disparities; and (10) the need to provide restitution to victims. 18 U.S.C. § 3553(a).

in weighing the relevant factors." United States v. Amedeo, 487 F.3d 823, 832 (11th Cir. 2007) (quotation and brackets omitted). The district court is "permitted to attach great weight to one factor over others." United States v. Shaw, 560 F.3d 1230, 1237 (11th Cir.) (quotation omitted), cert. denied, 129 S. Ct. 2847 (2009). We will "vacate the sentence if, but only if, we are left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case." Irey, 612 F.3d at 1190 (quotation omitted). "The party challenging the sentence bears the burden to show it is unreasonable in light of the record and the § 3553(a) factors." United States v. Tome, 611 F.3d 1371, 1378 (11th Cir. 2010), cert. denied, 131 S.Ct. 674 (2010). "[O]rdinarily, we would expect a sentence within the Guidelines range to be reasonable." United States v. Chavez, 584 F.3d 1354, 1365 (11th Cir. 2009) (quotation omitted), cert. denied, 131 S.Ct. 436 (2010).

The November 1, 2010, edition of the Guidelines allows a downward departure based on cultural assimilation if (1) the defendant formed cultural ties with the United States from having resided continuously in the United States since childhood; (2) those cultural ties were the primary reason for the defendant's illegal reentry; and (3) such a departure is unlikely to increase the risk to the public from further crimes of

4

the defendant. U.S.S.G. § 2L1.2. comment. (n.8) (2010). Even though a downward departure based on cultural assimilation was a factor not mentioned by the Guidelines at the time of Hernandez's sentencing in 2009, the sentencing court could consider evidence of a defendant's cultural assimilation and grant a downward variance based on existing caselaw. See United States v. Sanchez-Valencia, 148 F.3d 1273, 1274 (11th Cir. 1998) (holding, in a pre-Booker case, that the district court had the authority to downwardly depart based on cultural assimilation and did not err in that instance by believing otherwise).

In this case, the district court did not abuse its discretion by imposing a procedurally unreasonable sentence. Hernandez's sentence is procedurally reasonable because the district court (1) noted that the PSI was accurate and correctly adopted it; (2) stated in open court that it had considered all of the § 3553(a) factors, including the need to provide just punishment and general deterrence; and (3) found that the bottom-of-the-guideline sentence was tailored to the facts and circumstances of this particular case. Further, a review of the record shows that the district court did not base Hernandez's sentence on clearly erroneous facts.

Moreover, Hernandez's arguments on appeal that the district court abused its discretion in failing to specifically reject his request for a downward variance based on cultural assimilation are unsupported by both the law and the record. First,

although the district court's explanation for the sentence was succinct, the court nonetheless stated its reasons for the particular sentence in open court and noted that it had tailored the sentence to take into consideration the facts and circumstances of the case, which indicates that the court had considered the parties' arguments in imposing the sentence. See 18 U.S.C. § 3553(c)(1); Irey, 612 F.3d at 1194-95. Further, because the district court had already explained that Hernandez's sentence satisfied the sentencing factors in terms of the need to provide just punishment and general deterrence, it did not have to expressly address other mitigating circumstances, such as his cultural assimilation. See Talley, 431 F.3d at 786.

Next, Hernandez's argument that his sentence was substantively unreasonable because the district court failed to grant a downward variance is meritless. In particular, Hernandez's criminal history included several serious offenses such as battery and aggravated assault on police officers, aggravated fleeing from law enforcement, and possession of a firearm by a convicted felon. The district court specifically stated that a low-range sentence was necessary to provide just punishment and serve as an adequate deterrence, and the court was permitted to "attach great weight" to these factors. See Shaw, 560 F.3d at 1237. Thus, Hernandez fails to show that the district court abused its discretion in fashioning an unreasonable sentence.

**AFFIRMED.**